

**FILED**
7/8/2021
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SHUSHEAN WONG, *et al.*,

        Plaintiffs,

        v.

MERRICK GARLAND, *et al.*,

        Defendants.

Civil Action No.

Case: 1:21−mc−00094
Assigned To : Unassigned
Assign. Date : 6/28/2021
Description: Misc.
Chief Judge Beryl A. Howell

## ORDER

Pending before the Court is plaintiffs' *pro se* motion to seal the entire case, Pls.' Mot. Seal at 1–2 ("Pl.'s Mot."), in their instant action purporting to bring a habeas corpus petition as next friends of a third individual, "Jane Doe," who they say is being "imprison[ed] contrary to the constitution by a violent criminal conspiracy." Compl. at 8.  Plaintiffs' motion is denied.[1]

"The starting point in considering a motion to seal court records is a strong presumption in favor of public access to judicial proceedings." *Hardaway v. D.C. Hous. Auth.*, 843 F.3d 973, 980 (D.C. Cir. 2016) (quoting *EEOC v. Nat'l Children's Ctr., Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996)).  In a typical motion to seal court filings, courts consider six factors, originally identified in *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980), in determining whether that presumption may be overcome.[2]  When, however, a plaintiff

---

[1] Under Local Civil Rule 40.7(f), the Chief Judge shall "hear and determine . . . motion[s] to seal the address of the plaintiff, and motion[s] to file a pseudonymous complaint." LCvR 40.7(f).  Plaintiff's other requests—for a fee waiver and to file electronically—will not be addressed here and may be raised again if plaintiff choses to refile the complaint under her full name.

[2] Those factors are:
    (1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility

1

initiating a lawsuit moves to file a case under seal simultaneously with the filing of the complaint, the motion is more akin to a request to proceed under a pseudonym. In both contexts, the plaintiff is seeking to conceal his identity from the public and thus the same interests are at stake.

Generally, a complaint must state the names of the parties and address of the plaintiff. FED. R. CIV. P. 10(a) ("The title of the complaint must name all the parties."); LCvR 5.1(c)(1) ("The first filing by or on behalf of a party shall have in the caption the name and full residence address of the party," and "[f]ailure to provide the address information within 30 days of filing may result in the dismissal of the case against the defendant."); LCvR 11.1 (same requirement as LCvR 5.1(c)(1)). The Federal Rules thus promote a "presumption in favor of disclosure [of litigants' identities], which stems from the 'general public interest in the openness of governmental processes,' . . . and, more specifically, from the tradition of open judicial proceedings." *In re Sealed Case*, 931 F.3d 92, 96 (D.C. Cir. 2019) (internal citations omitted) (quoting *Wash. Legal Found. v. U.S. Sentencing Comm'n*, 89 F.3d 897, 899 (D.C. Cir. 1996)). That "presumption of openness in judicial proceedings is a bedrock principle of our judicial system." *In re Sealed Case*, 971 F.3d 324, 325 (D.C. Cir. 2020) (citing *Courthouse News Serv. v. Planet*, 947 F.3d 581, 589 (9th Cir. 2020)). Accordingly, courts "generally require parties to a lawsuit to openly identify themselves to protect the public's legitimate interest in knowing all of the facts involved, including the identities of the parties." *Id.* at 326 (internal quotation marks and alterations omitted) (quoting *United States v. Microsoft Corp.*, 56 F.3d 1448, 1463 (D.C. Cir. 1995) (per curiam)).

---

of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings.
*Metlife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 665 (D.C. Cir. 2017) (quoting *Nat'l Children's Ctr.*, 98 F.3d at 1409 (citing *Hubbard*, 650 F.2d at 317–22)).

Nevertheless, courts have, in special circumstances, permitted a party to proceed anonymously. A party seeking to do so, however, "bears the weighty burden of both demonstrating a concrete need for such secrecy and identifying the consequences that would likely befall it if forced to proceed in its own name." *Id*. Once that showing has been made, "the court must then 'balance the litigant's legitimate interest in anonymity against countervailing interests in full disclosure.'" *Id*. (quoting *In re Sealed Case*, 931 F.3d at 96). When weighing those concerns, five factors, initially drawn from *James v. Jacobson,* 6 F.3d 233, 238 (4th Cir. 1993), serve as "guideposts from which a court ought to begin its analysis." *In re Sealed Case*, 931 F.3d at 97. These five factors are:

> (1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties; (3) the ages of the persons whose privacy interests are sought to be protected; (4) whether the action is against a governmental or private party; and relatedly, (5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*Id.* (citing *James*, 6 F.3d at 238).

At the same time, a court must not simply "engage in a wooden exercise of ticking the five boxes." *Id.* Rather, the "balancing test is necessarily flexible and fact driven" and the five factors are "non-exhaustive." *In re Sealed Case*, 971 F.3d at 326. In exercising discretion "to grant the rare dispensation of anonymity . . . the court has 'a judicial duty to inquire into the circumstances of particular cases to determine whether the dispensation is warranted' . . . tak[ing] into account the risk of unfairness to the opposing party, as well the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Microsoft Corp.*, 56 F.3d at 1464 (quoting *James*, 6 F.3d at 238 (other internal citations and quotation marks omitted)).

Plaintiffs present no sufficiently specific or compelling justification for "the rare dispensation of anonymity." *In re Sealed Case*, 971 F.3d at 326. Plaintiffs' motion relies on a perceived threat of violence if the case is public and states that they seek to defend Jane Doe—on whose behalf they claim to proceed—"from death or disfigurement at hands [sic] of her captors," who plaintiffs argue "will harm or kill her if they think she will be in a position to testify against them." Pls.' Mot. at 1–2. Plaintiffs' vague and conclusory accusations regarding unknown individuals participating in a "a vicious, violent, criminal conspiracy under color only [sic] of law which victimizes children and their natural family with infamous federal crime," Compl. at 5, do not remotely support their assertion that Jane Doe would be subject to violence if this action is publicly filed. Plaintiffs have failed to either demonstrate a need for secrecy or identify consequences likely to befall Jane Doe if this case proceeds on the public docket.

For the foregoing reasons, it is hereby

**ORDERED** that the plaintiffs' Motion to Seal is **DENIED**.

**SO ORDERED.**

Date: July 8, 2021

*[signature]*

BERYL A. HOWELL
Chief Judge