

FILED
7/29/2021
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHUSHEAN WONG, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>MERRICK GARLAND, *et al.*,<br><br>Defendants. | Misc. Action No. 21-94<br><br>Chief Judge Beryl A. Howell |

### ORDER

Pending before the Court is plaintiffs' *pro se* motion both to vacate the Court's order denying plaintiffs' motion to proceed under seal, *see* Order, ECF No. 1, and to "provisionally seal [the] case," Pls.' Mot. to Vacate Order and Provisionally Seal Case ("Pls.' Mot.") at 1–2, which the Court will construe as a motion for reconsideration. Plaintiffs have also submitted a letter, with a copy of the original complaint attached, stating that the complaint "has no motion to seal" and requesting that the Clerk of the Court "enroll [the] enclosed complaint." Pls.' July 12, 2021 Letter at 2. The Court construes this as a request to place the complaint on the public docket if the instant motion is denied. Plaintiffs' motion for reconsideration is denied, and the Clerk of the Court is directed to file plaintiffs' complaint on the public docket.

Rule 54(b) of the Federal Rule of Civil Procedure provides that any pre-judgment order "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." FED. R. CIV. P. 54(b). "Rule 54(b) relief is available as justice requires." *Singh v. Am. Ass'n of Retired Persons, Inc.*, Case No. 18-cv-1247 (RCL), 2020 WL 4039118, at *1 (D.D.C. July 17, 2020) (quoting *Cobell v. Norton*, 355 F. Supp. 2d 531, 539 (D.D.C. 2005)). "Relevant considerations include whether the Court patently misunderstood the parties, made a decision beyond the adversarial issues presented, made an

error in failing to consider controlling decisions or data, or whether a controlling or significant change in the law has occurred." *Id.* (internal quotation marks and citation omitted).  The Court may also "'grant a motion for reconsideration if there are other good reasons for doing so.'"  *Id.* (quoting *Cobell*, 355 F. Supp. 2d at 540).

Plaintiffs present no reason to revisit the decision to deny their motion to proceed under seal.  They provide no further information regarding the alleged need for sealing in this case, leaving unchallenged the Court's conclusion that they have "failed to either demonstrate a need for secrecy or identify consequences likely to befall Jane Doe"—on whose behalf they seek to proceed—"if this case proceeds on the public docket."  Order at 4.  Instead, plaintiffs merely clarify that the instant action is not itself a habeas corpus action and is instead ancillary to a separate habeas corpus action.  Pls.' Mot. at 2.  The precise nature of the action is not material to the issue of whether the case may proceed under seal, however, and plaintiffs have presented no additional information regarding the alleged need to proceed under seal.

Plaintiffs have also re-filed their complaint with a cover letter emphasizing that the complaint "has no motion to seal" and requesting that the Clerk of the Court "enroll [the] enclosed complaint."  Pls.' Jul. 12, 2021 Letter at 2.  This letter is construed as a request to file the complaint on the docket should plaintiffs' motion to vacate and provisionally seal the case be denied.

For the foregoing reasons, it is hereby

**ORDERED** that the plaintiffs' Motion to Vacate Order and Provisionally Seal Case is **DENIED**; and it is further

**ORDERED** that the Clerk of the Court shall file on the public docket the Complaint attached to plaintiffs' July 12, 2021 Letter.

**SO ORDERED.**

Date: July 29, 2021

_____
BERYL A. HOWELL
Chief Judge